UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CYNTHIA L. TOBEY,

                    Plaintiff,

          -vs-                              **No. 1:16-CV-00937 (MAT)**
                                            **DECISION AND ORDER**

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

---

## I.  Introduction

Represented by counsel, plaintiff Cynthia L. Tobey
("Plaintiff") brings this action pursuant to Title II of the Social
Security Act (the "Act"), seeking review of the final decision of
defendant the Acting Commissioner of Social Security (the
"Commissioner" or "Defendant") denying her application for
disability insurance benefits ("DIB").  The Court has jurisdiction
over this matter pursuant to 42 U.S.C. § 405(g). Presently before
the Court are the parties' cross-motions for judgment on the
pleadings pursuant to Rule 12(c) of the Federal Rules of Civil
Procedure. For the reasons discussed below, Plaintiff's motion is
granted to the extent that this case is remanded to the
Commissioner for further administrative proceedings consistent with
this Decision and Order, and the Commissioner's motion is denied.

## II. Procedural History

Plaintiff protectively filed an application for DIB on
April 9, 2013, alleging disability as of September 14, 2012 due to
knee surgery and back surgery.  Administrative Transcript ("T.")

65. Plaintiff's application was initially denied. T. 73-76. At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Donald T. McDougall on January 1, 2015, at which Plaintiff appeared with her attorney. T. 29-72. On May 9, 2015, the ALJ issued an unfavorable decision. T. 11-28. On September 28, 2016, the Appeals Council denied Plaintiff's request for review, making the ALJ's determination the Commissioner's final decision. T. 1-3. This action followed.

## III. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520, 416.920. Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2017. T. 16. At step one of the five-step sequential evaluation, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since September 14, 2012, the alleged onset date. *Id.*

At step two, the ALJ found that Plaintiff suffered from the severe impairments of vertebrogenic disorder, left knee traumatic injury and surgery, and obesity. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. T. 17. The ALJ particularly considered Listings 1.02 (major dysfunction of a joint), 1.03 (surgery of a major

2

weigh-bearing joint), and 1.04 (disorders of the spine) in reaching this conclusion. *Id.*

Before proceeding to step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform less than the full range of light work as defined in 20 C.F.R. § 404.1567(b). *Id.* In particular, the ALJ found that Plaintiff could perform no overhead work, needed to change positions briefly (for one to two minutes) at least every 30 minutes, could never climb ladders, ropes, or scaffolds, could never kneel or crawl, could only occasionally climb stairs or ramps, could only occasionally balance, stoop, or crouch, and could not work at heights or around dangerous moving machinery. *Id.*

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. T. 23. At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of group sales representative and case aid. T. 24-25. Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. T. 25.

**IV. Discussion**

**A.   Scope of Review**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted).  Although the reviewing court must scrutinize the whole record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law."  *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

Here, Plaintiff contends that the ALJ erred in assessing her RFC because (1) the ALJ failed to properly assess the opinion of treating orthopedic surgeon Dr. Zair Fishkin, (2) the ALJ failed to properly assess the opinion of consulting orthopedic surgeon Dr. Mark Burgeron, (3) the ALJ relied on his own lay opinion to

4

interpret the diagnostic studies of record, (4) the ALJ failed to properly consider Plaintiff's subjective complaints of pain, and (5) the medical record of evidence does not support the conclusion that Plaintiff could perform the physical demands of less than light work on a full-time basis.  Plaintiff also argues that the ALJ's step five determination was legally erroneous and unsupported by substantial evidence, because the vocational expert's testimony regarding whether Plaintiff had gained transferable skills regarding computer and email work was vague. For the reasons discussed below, the Court agrees with Plaintiff that the ALJ failed to appropriately assess the opinion of treating orthopedic surgeon Dr. Fishkin. Accordingly, remand of this matter for further administrative proceedings is appropriate.

## B.    Consideration of Dr. Fishkin's Opinion

Plaintiff argues that the ALJ failed to appropriately assess and weigh the opinion of treating physician Dr. Fishkin in determining her RFC.  For the reasons discussed below, the Court agrees.

Under the Commissioner's regulations in effect at the time the ALJ issued his decision in this case, a treating physician's opinion is generally entitled to "controlling weight" when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *see also Green-Younger*, 335 F.3d at 106. An ALJ

may give less than controlling weight to a treating physician's opinion if it does not meet this standard, but must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion."). The ALJ is required to consider "the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues" in determining how much weight to afford a treating physician's opinion. *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quotation marks, alterations, and citations omitted); *see also* 20 C.F.R. §§ 404.1527(c)(1)-(6). However, the ALJ need not expressly discuss each of these factors, so long as his "reasoning and adherence to the regulation are clear." *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (citing *Halloran*, 362 F.3d at 31-32).

Here, Dr. Fishkin authored several opinions related to Plaintiff's physical capabilities, including one dated May 30, 2014 (the "May 30th Opinion") (T. 407-410). The May 30th Opinion, which is signed by both Dr. Fishkin and physician's assistant ("PA") Kyle

6

O'Donnell, indicates that Plaintiff suffered "significant injuries to the spine as the result of [a] work related accident."  T. 408. Dr. Fishkin and PA O'Donnell indicated that Plaintiff had "persistent pain and disability," having undergone a lumbar spine fusion performed by Dr. Fishkin on September 12, 2012.  *Id.* Plaintiff had a reduced range of motion in her lumbar spine and walked with an antalgic gait. *Id.*  Straight leg raising tests were positive on the left side but negative on the right.  *Id.* Dr. Fishkin and PA O'Donnell indicated that Plaintiff was limited to sedentary work.  T. 407.

   In his decision, the ALJ discussed the May 30th Opinion twice. The first time, he noted that it had been completed by Dr. Fishkin and PA O'Donnell and afforded it "little weight" for three reasons: (1) the degree of limitation identified was "unclear"; (2) physician's assistants are not acceptable medical sources under the Commissioner's regulations; and (3) no function-by-function analysis of Plaintiff's residual functional capacity was given. T. 22-23.

   The second time the ALJ referenced the May 30th Opinion, he referred to it as having been authored solely by Dr. Fishkin. T. 23.  At this point, the ALJ purported to afford "great weight" to the May 30th Opinion, because it was "consistent with the overall record showing [Plaintiff's] treatment records for back problems necessitating spinal surgery in 2012." *Id*. However, the ALJ made no mention of Dr. Fishkin's opinion that Plaintiff was limited to sedentary work.

7

The ALJ's consideration of the May 30ᵗʰ Opinion was erroneous and failed to comply with the treating physician rule. As a threshold matter, the ALJ purported at various points in his decision to afford two different weights ("little weight" and "great weight") to the May 30ᵗʰ Opinion, with no explanation for the inconsistency. While the Commissioner contends that the ALJ was merely assigning different weights to different portions of the May 30ᵗʰ Opinion, the Court is not persuaded by this argument. The ALJ initially discussed the May 30ᵗʰ Opinion as a whole and afforded it little weight - the Court cannot perceive a reasonable rationale for the ALJ to subsequently pick out a single sentence from the May 30ᵗʰ Opinion and purportedly afford it great weight, but fail to explain how or why that particular sentence impacted the RFC assessment. In any event, the Court cannot meaningfully review the ALJ's consideration of the May 30ᵗʰ Opinion when it is not even clear what the ALJ's ultimate assessment of it was. As such, remand for additional proceedings is necessary. *See Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (remand is warranted where "inadequacies in the ALJ's analysis frustrate meaningful review").

Moreover, the reasons identified by the ALJ for affording little weight to the May 30ᵗʰ Opinion do not constitute "good reasons" for discounting Dr. Fishkin's opinion. First, while it is true that a physician's assistant is not an acceptable medical source under the Commissioner's regulations, where a report is completed by both an "other source" and a treating physician, it is evaluated under the treating physician rule. *See Sawicki v.*

8

*Colvin*, No. 1:13-CV-00681 (MAT), 2016 WL 720940, at *2 n.2 (W.D.N.Y. Feb. 24, 2016) ("When a treating physician signs a report prepared by . . . an 'other source' whose opinions are not presumptively entitled to controlling weight [,]. . .the report should be evaluated under the treating physician rule unless evidence indicates that the report does not reflect the doctor's views.") (internal quotation omitted). As such, the fact that the May 30th Opinion was co-authored by Dr. Fishkin and PA O'Donnell is no basis for affording it reduced weight.

Second, the ALJ's statement that Dr. Fishkin failed to identify a specific level of limitation is unsupported by the record. Dr. Fishkin specifically indicated that Plaintiff was limited to sedentary work. *See* T. 407. The ALJ failed to acknowledge or discuss this aspect of Dr. Fishkin's opinion at any point in his decision. While the Commissioner contends that this statement by Dr. Fishkin constituted an opinion on an issue ultimately reserved to the Commissioner and that the ALJ therefore did not need to consider it, "opinions from any medical source on issues reserved to the Commissioner must never be ignored." *Nix v. Astrue*, No. 07-CV-344, 2009 WL 3429616, at *11 (W.D.N.Y. Oct. 22, 2009) (internal quotation omitted); *see also* Social Security Ruling ("SSR") 96-5p ("adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner".).[1]   The ALJ was not

---

[1]     SSR 96-5p was rescinded effective March 27, 2017, but was in effect at the time the ALJ reached his decision in this case.

necessarily required to credit Dr. Fishkin's opinion that Plaintiff was limited to sedentary work, but he was required to carefully consider it. He failed to do so, instead erroneously claiming that Dr. Fishkin had not offered an opinion on the degree of Plaintiff's limitations.

Finally, the fact that Dr. Fishkin did not provide a function-by-function analysis of Plaintiff's capabilities is not sufficient reason to discount it entirely. *See Stango v. Colvin*, No. 3:14-CV-01007 (CSH), 2016 WL 3369612, at *11 (D. Conn. June 17, 2016) ("a treating physician's opinion . . . cannot be totally disregarded for failure to" perform a function-by-function analysis); *see also Sink v. Colvin*, No. 1:12-CV-00239 JJM, 2015 WL 3604655, at *17 (W.D.N.Y. June 8, 2015) ("A medical source's opinion that does not address every function with respect to physical limitations is not invalid or insufficient. A function-by-function analysis is unnecessary."). Accordingly, the ALJ failed to identify any valid reasons for rejecting Dr. Fishkin's opinion. Importantly, the ALJ failed to compare Dr. Fishkin's opinion to the medical evidence of record and to assess it's consistency therewith. This was error.

The ALJ's failure to properly assess Dr. Fishkin's opinion necessitates remand. On remand, the ALJ is instructed to weigh all of the medical evidence of record in accord with the applicable regulations.

## C.    Plaintiff's Other Arguments

As set forth above, Plaintiff has made a number of additional arguments in favor of her position that the ALJ's determination was erroneous. Having determined that remand of this matter for further administrative proceedings is necessary, the Court need not and does not reach these arguments.

## V.    Conclusion

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 9) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's motion for judgment on the pleadings (Docket No. 10) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:    July 18, 2018
          Rochester, New York.